1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

13

14   SAMUEL WILLIAM DONAGHE,

15          Plaintiff,

                                                    Case No. C04-5601FDB
16          v.
                                                    REPORT AND
17   JOSEPH LEHMAN,                                 RECOMMENDATION

18          Defendant.                              **NOTEDFOR:**
                                                    **JUNE 17th , 2005**
19

20

21

22          This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge

23   pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR

24   3, and MJR 4.  Before the court is defendant's motion to dismiss for failure to state a claim. The

     defendants argue this action is barred by a running of the statute of limitations.  (Dkt. # 23).
25
            In his response the plaintiff argues that the discovery rule, conspiracy, favorable termination and
26
     equitable tolling should apply to this action.  Three of the theories (discovery rule, conspiracy, or
27

28   REPORT AND RECOMMENDATION - 1

1  equitable tolling), could render the defendant's statute of limitations argument invalid.  The fourth

2  theory, favorable termination, would result in dismissal without prejudice.  (Dkt. # 33).

3       Defendants filed their reply.   (Dkt. #36.)  The undersigned concludes that the discovery rule

4  and the conspiracy argument do not apply to the facts of this case.  While the defendants also argue

5  that  favorable termination would result in dismissal without prejudice, the court disagrees that the

6  concept is applicable to the facts of this case.  Review of the doctrine of equitable tolling convinces

7  the court the doctrine is inapplicable to the facts of this case.  Accordingly the undersigned

8  recommends that this action be **DISMISSED AS TIME BARRED**.

9

10                                    <u>FACTS</u>

11

12       Plaintiff was an inmate.  Plaintiff alleges he had an earned early release date of July 14,

13  1992,  (Dkt. # 6).  Plaintiff was not released by the Department of Corrections until March 1, 1995.

14  When he was released from prison on March 1, 1995, he was held for civil commitment proceedings

15  by parties who are not named defendants in this action.

16       This action was not filed until September 27, 2004.  (Dkt. # 6).  Plaintiff filed this action

17  claiming the Secretary of the Department of Corrections is liable for holding him past his earned

18  early release date.  (Dkt. # 6).

19                                 <u>DISCUSSION</u>

20       42 U.S.C. § 1983, the Civil Rights Act, contains no statute of limitations.  The statute of

21  limitations from the state cause of action most like a civil rights act is used.  Usually this is a states

22  personal injury statute.  In Washington a plaintiff has three years to file a personal injury action.

23  <u>Rose v. Rinaldi</u>, 654 F.2d 546 (9th Cir 1981).  Plaintiff was first aware he was being held past his

24  earned early release date on July 14, 1992 when he was not released.  The alleged violation was

25  ongoing until March 1, 1995 when he was finally released.  For purposes of this motion, the court

26  will use the March 1, 1995 date for the statute of limitations analysis.  Therefore, plaintiff had until

27  March 1, 1998 to file an action.  This action was commenced on September 27,  2004 when plaintiff

28  REPORT AND RECOMMENDATION - 2

1  paid the filing fee and submitted the complaint.  (Dkt. # 6).  The statue of limitation had run nearly

2  78 months earlier.

3       A court may dismiss a claim under Fed.R.Civ.P. 12(b)(6) if it appears beyond doubt that the

4  plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief.

5  Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983), citing; Conley v. Gibson, 355 U.S. 41,

6  45-56 (1957).  Dismissal for failure to state a claim may be based on either the lack of a cognizable

7  legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  Balistreri v.

8  Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as

9  admitted and the complaint is construed in the plaintiff's favor.  Keniston v. Roberts, 717 F.2d 1295

10  (9th Cir. 1983).  However, a plaintiff must plead factual allegations with specificity; vague and

11  conclusory allegations fail to state a claim for relief.  Colburn v. Upper Darby Township, 838 F.2d

12  663, 666 (3rd Cir. 1988).

13       Plaintiff argues his cause of action did not accrue until the state court issued its decision in In

14  re Dutcher, 114 Wn. App. 755 (2002).  (Dkt. #33, page 2.)  This argument is without merit.  The

15  court's holding in Dutcher is not a factual element of plaintiff's case.  Rather, it is a legal

16  determination that the facts in Dutcher stated a viable claim.  The discovery rule relates to the

17  discovery of facts and not legal conclusions.  The rule is not available to this plaintiff.

18       Plaintiff next argues conspiracy but he has not named the proper defendants for that claim.

19  Plaintiff has not named any of the persons responsible for his civil commitment in this action.

20  Further, he has presented no evidence showing bad faith.  Del Guzzi Constr. Co. v. Global

21  Northwest Ltd., 105 Wn.2d 878, 885, 719 P.2d 120 (1986); Millay v. Cam, 135 Wn.2d 193, 206,

22  955 P. 2d 791. (1998).

23       Plaintiff argues that equitable tolling applies to his case.  In order for equitable tolling to

24  apply, the plaintiff must show that some action of the state prevented him from filing his case in a

25  timely manner.  Plaintiff fails to make that showing.  Thus, the doctrine of equitable tolling is  not

26

27  applicable to this case.

28  REPORT AND RECOMMENDATION - 3

1    Plaintiff knew all the facts needed to file this action and was able to file on September 16th,

2    1998.  He failed to file within the three year time period.  Accordingly, this action is time barred and

3    should be **DISMISSED WITH PREJUDICE**.

4    Finally, plaintiff argues his case should be dismissed without prejudice so that he can

5    challenge the validity of his current civil commitment.  Heck v. Humphrey, 512 U.S. 477 (1994).

6    Plaintiff's reliance on Heck v. Humphrey is misplaced.  The holding of Heck precludes a plaintiff

7    from challenging a current conviction or confinement in a civil rights action as the proper forum for

8    an action that calls into question the propriety of current confinement is a habeas corpus action.

9    The time for plaintiff filing a habeas action that challenges his release date on a prior

10   conviction has elapsed.  As of March 1st, 1995 plaintiff was not in custody.  A habeas filing

11   challenging his prior conviction would be inappropriate.

12   The propriety of his current confinement at the Special Commitment Center is not an issue

13   before this court.  This action seeks damages for failing to release plaintiff from the Department of

14   Corrections on his early release date.  Plaintiff did not seek release from his current confinement or a

15   ruling that the civil commitment proceedings were invalid.  Accordingly, this action is time barred

16   and should be **DISMISSED WITH PREJUDICE**.

17   The plaintiff, for the first time, raises an issue in his response regarding the effect, if any, on a

18   person being held beyond his earned early release date and the impact that may have on the

19   jurisdiction of a court to consider a sexually violent predator petition.  That issue has not yet been

20   resolved by the state court.  This issue, therefore, does not rescue the plaintiff's case from the statute

21   of limitations defense raised by the defendants.

22                                        CONCLUSION

23   For the reasons outlined above the undersigned recommends **DISMISSAL WITH**

24   **PREJUDICE**.  A proposed order accompanies this Report and Recommendation.

25   Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the

26   parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R.

27   Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.

28   REPORT AND RECOMMENDATION - 4

1   <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is

2   directed to set the matter for consideration on **June 17th, 2005**, as noted in the caption.

3

       DATED this 27th day of May, 2005.

4

5

6                                                        Karen L. Strombom
                                                         United States Magistrate Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   REPORT AND RECOMMENDATION - 5