UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SAMUEL WILLIAM DONAGHE,

    Plaintiff,

v.

JOSEPH LEHMAN,

    Defendant.

Case No.  C04-5601FDB

ORDER ADOPTING REPORT AND RECOMMENDATION

    Plaintiff was an inmate who alleges that he had an earned early release date of July 14, 1992, but that he was not released by the Department of Corrections until March 1, 1995, at which time he was then held for civil commitment proceedings.  Plaintiff filed this action September 27, 2004 alleging violation of 42 U.S.C. § 1983 by the Department of Corrections for holding him past his earned early release date.

    The Magistrate Judge recommends that this cause of action be dismissed as time barred and that equitable tolling does not apply under the circumstances.

    Plaintiff objects to the Report and Recommendation arguing that (1)  the Ninth Circuit has extended equitable tolling to cover Plaintiff's circumstances and that bad faith, deception, or false assurances by a defendant is not required under Washington law; and (2) this Court should certify the

ORDER
Page - 1

1 tolling issue to the Washington Supreme Court.

2 Plaintiff argues California law that provides for a tolling period of up to two years for a
3 plaintiff "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for
4 a term less than life." *Jones v. Blanas*, 393 F.3d 918 (9th Cir. 2004).

5 *Jones* dealt with restrictive conditions curtailing physical access to a law library in
6 administrative segregation in a county jail. *Jones* is inapposite to the facts in this case.

7 Contrary to Plaintiff's argument, Washington law on equitable estoppel is well developed.
8 "Equitable estoppel will preclude a defendant from asserting the statute of limitations when the
9 defendant's actions have fraudulently or inequitably induced a plaintiff to delay commencing suit until
10 the applicable period of limitation has expired. *Del Guzzi Constr. Co. v. Global Northwest Ltd.*, 105
11 Wn.2d 878, 885, 719 P.2d 120 (1986). "The predicates for equitable tolling are bad faith, deception
12 or false assurances by the defendant and the exercise of due diligence by the Plaintiff." *Millay v.*
13 *Cam*, 135 Wn.2d 193, 206 (1998). Plaintiff has not made the required showing. The Court declines
14 to conclude that it is appropriate to toll the statute of limitations as suggested by Plaintiff.

15 The Court, having reviewed, the Report and Recommendation of Magistrate Judge Karen L.
16 Strombom, objections to the report and recommendation, and the remaining record, does hereby
17 find and ORDER:

18     (1)    The Court adopts the Report and Recommendation;

19     (2)    This action is **DISMISSED WITH PREJUDICE** as time barred.

20     (3)    The Clerk is directed to send copies of this Order to plaintiff, and to the Hon.
              Karen L. Strombom.

21

22 DATED this 22nd day of June 2005.

23

24                                   FRANKLIN D. BURGESS
25                                   UNITED STATES DISTRICT JUDGE

26

27

28